IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DONATO SANTAMARIA, | § | |
| | § | |
| Movant, | § | |
| | § | |
| V. | § | No. 3:16-cv-1746-L-BN |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Movant Donato Santamaria, a federal prisoner, has filed a *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. This resulting civil action has been referred to the undersigned United States magistrate judge under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sam A. Lindsay. The undersigned issues the following findings of fact, conclusions of law, and recommendation that, for the following reasons, the Court should deny Santamaria's Section 2255 motion.

**Applicable Background**

In 2010, Santamaria pleaded guilty to and was convicted of four counts of possession with intent to distribute and distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); conspiracy to possess with intent to distribute in excess of 500 grams of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A); and possession of a firearm during and in relation to a drug-

trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A), and he was sentenced to 120 months of imprisonment as to each drug count, all those counts to run concurrently, and a consecutive sentence of 60 months of imprisonment as to the Section 924(c) conviction. *See United States v. Santamaria*, No. 3:09-cr-169-L (01) (N.D. Tex.), *aff'd*, No. 10-10225 (5th Cir. Apr. 19, 2011) (per curiam).

**Legal Standards and Analysis**

Santamaria requests postconviction relief under *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551 (2015), arguing that *Johnson* applies to his Section 924(c) conviction. *See generally* Dkt. No. 1.

In *Johnson*, the Supreme Court of the United States held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act" (the "ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii) – which clause then defined a "violent felony" as "involv[ing] conduct that presents a serious potential risk of physical injury to another" – "violates the Constitution's guarantee of due process," 135 S. Ct. at 2563. Because "*Johnson* affected the reach of the underlying statute[, the ACCA,] rather than the judicial procedures by which the statute is applied," *Johnson* is "a substantive decision and so has retroactive effect under *Teague[ v. Lane*, 489 U.S. 288 (1989),] in cases on collateral review." *Welch v. United States*, 578 U.S. ___, 136 S. Ct. 1257, 1265 (2016).

There remains some uncertainty whether *Johnson* should be extended to the definition of "crime of violence" used in Section 924(c). *See* 18 U.S.C. § 924(c)(3) (defining "crime of violence" as a felony that either "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of

another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense"). That definition is identical to the definition of "crime of violence" in 18 U.S.C. § 16(b), a provision that the United States Court of Appeals for the Fifth Circuit has held "is not unconstitutionally vague" in light of *Johnson*. *United States v. Gonzalez-Longoria*, 831 F.3d 670, 672 (5th Cir. 2016) (en banc); *but see Sessions v. Dimaya*, No. 15-1498, 137 S. Ct. 31 (2016) (granting certiorari review to decide whether Section 16(b), as incorporated into the Immigration and Nationality Act's provisions governing an alien's removal from the United States, is unconstitutionally vague).

But, "'because [Santamaria] pled guilty under 18 U.S.C. § 924(c)(1)(A) to possession of a firearm in furtherance of a drug trafficking crime – not use and carry of a firearm during a crime of violence – the definition of crime of violence found at 18 U.S.C. § 924(c)(3) was not at issue.'" *Iruegas v. United States*, No. 3:16-cv-2219-L-BN, 2017 WL 3616459, at *2 (N.D. Tex. May 23, 2017) (quoting *Reed v. United States*, Nos. 3:16-cv-1814-K & 3:09-cr-52-K (01), 2017 WL 131715, at *1 (N.D. Tex. Jan. 12, 2017)), rec. accepted, 2017 WL 3601793 (N.D. Tex. Aug. 22, 2017).[1]

---

[1] *See also United States v. Pitt*, 672 F. App'x 885, 886 (10th Cir. 2017) (order denying C.O.A.) ("Mr. Pitt's sentence enhancement was based on a 'drug trafficking crime,' not a 'crime of violence,' so *Johnson* does not apply." (citation omitted)); *Buford v. United States*, No. 2:16-CV-8093-KOB, 2016 WL 7156065, at *2 (N.D. Ala. Dec. 8, 2016) ("Even if *Johnson* were to arguably impact the definition of a 'crime of violence' under § 924(c)(1)(A), that impact would have no bearing on Mr. Buford's case because his conviction did not in any way involve a crime of violence." (citation omitted)); *United States v. Deane*, No. 3:10-cr-00033-2, 2017 WL 1957535, at *2 (W.D. Va. May 10, 2017) ("[O]nly the 'drug trafficking crime' component of § 924(c)(1)(A) affected his sentence. The other type of crime referenced in the statute, 'crime of violence,' played no role in

Therefore, the right recognized in *Johnson* does not apply to the sole issue Santamaria raises in his motion. And, in addition to failing to show that he is entitled to relief based on *Johnson*, Santamaria also cannot show that that motion is timely under 28 U.S.C. § 2255(f)(3) – the only provision of the applicable statute of limitations that could apply to make the motion timely – because of it being filed within one year from the date the Supreme Court decided *Johnson*.

**Recommendation**

The Court should deny the Section 2255 motion.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

---

his conviction and sentence. *Johnson* has never called into question convictions for serious drug offenses. Instead, *Johnson* invalidated a part of the ACCA's definition of a 'violent felony,' which employed language similar to that used to define a 'crime of violence.'" (footnote omitted)).

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 26, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE